1   **WO**

2

3

4

5               IN THE UNITED STATES DISTRICT COURT

6                   FOR THE DISTRICT OF ARIZONA

7

8   United States of America,              )
                                           )    No. 08-0469-M
9                    Plaintiff,            )
                                           )
10  vs.                                    )
                                           )    **ORDER**
11  Ramon Viviano Sanchez-Perez,           )
                                           )
12                   Defendant.            )
                                           )
13  _____       )

14          Having considered the Parties' Joint Motion to allow the government additional time

15  under the Speedy Trial Act to file an indictment, the Court finds that the ends of justice served

16  by granting the extension outweigh the best interest of the public and the defendant in a speedy

17  trial.  18 U.S.C. § 3161(h)(8)(A).

18          In making this finding, the Court has considered each of the factors specified in 18

19  U.S.C. § 3161(h)(8)(B).  In addition, the Court has considered the following:

20          1.  Counsel has only recently been appointed;

21          2.  The defendant wishes to consider the plea offer extended by the government;

22          3.  The defendant wishes to investigate possible defenses prior to considering the

23  government's plea offer, which is made pursuant to a "fast track" early disposition program

24  authorized by the Department of Justice pursuant to § 401(m) of the Prosecuting Remedies and

25  Tools Against the Exploitation of Children Today Act of 2003 (PROTECT Act), Pub. L. 108-

26  21, 117 Stat. 650 (Apr. 30, 2003);

27          4.  The government's plea offer, if accepted by the defendant and then the court, would

28  likely reduce defendant's exposure to a significant term of imprisonment;

1    5.   If the defendant does not timely accept the plea offer prior to indictment, the

2  government will withdraw said plea offer and any subsequent plea offer after indictment would

3  likely be less advantageous to the defendant;

4    6.   Failure to extend time for indictment in this instance would thus operate to bar

5  defendant from reviewing the government's plea offer in a meaningful way prior to indictment;

6  and

7    7.  Granting an extension of time for indictment in this case is likely to result in the case

8  being resolved earlier, which would further the public's interest in the timely and efficient

9  administration of justice; and

10    8.  The ends of justice served by this continuance outweigh the best interest of the public

11  and the defendant in a speedy indictment.

12    The Court therefore concludes that the ends of justice are best served by granting an

13  extension of time to present the case to the grand jury and in excluding a period of thirty (30)

14  days under the Speedy Trial Act.  In making this determination, the Court has particularly taken

15  into account that the failure to grant the defendant's request "would deny counsel for the

16  defendant. . .the reasonable time necessary for effective preparation, taking into account the

17  exercise of due diligence."  18 U.S.C. § 3161(h)(8)(B)(iv).

18    **IT IS ORDERED** that the Joint Motion to Extend Time to Indict (Doc. 5), requesting

19  an extension of thirty (30) days within which the government may seek to indict defendant, is

20  hereby granted.

21    **IT IS FURTHER ORDERED** that pursuant to the Speedy Trial Act, 18 U.S.C. § 3161,

22  the Government shall have an extension of thirty (30) days to file a timely Indictment.

23  Excludable time shall begin to run on the 31st day after arrest for a period of thirty (30) days

24  in which the government may present the case to the grand jury.

25    DATED this 10th day of November, 2008.

26

27    Michelle H. Burns

Michelle H. Burns
United States Magistrate Judge

28

- 2 -